# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | | |
|---|---|---|
| JAMES P., JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No. TMD 18-1288 |
| v. | * | |
| | * | |
| | * | |
| ANDREW M. SAUL, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant.[1] | * | |
| | ************ | |

## MEMORANDUM OPINION GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff James P., Jr., seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 15) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**I**

**Background**

On March 13, 2017, Administrative Law Judge ("ALJ") Susan G. Smith held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 39-73. The ALJ thereafter found on June 26, 2017, that Plaintiff was not disabled from the alleged onset date of disability of November 1, 2009, through December 31, 2014, the date last insured. R. at 7-28. In so finding, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except [he] could stand and walk 4 hours. He could occasionally climb stairs and ramps, stoop, kneel, and balance; frequently reach overhead bilaterally; and never crouch, crawl, or climb ladders, ropes, or scaffolds. He had to avoid concentrated exposure to hazards, including uneven terrain, unprotected heights, and dangerous moving machinery. [Plaintiff] also required a sit/stand option, where he could sit or stand up to 30 minutes at a time, before changing positions, but could remain at the workstation.

R. at 14.[3] The ALJ determined that, although Plaintiff could not perform his past relevant work as a plumber apprentice, he was capable through the date last insured of performing other work, such as a ticket taker, retail sales attendant, or information clerk. R. at 19-20. Plaintiff thus was not disabled from November 1, 2009, through December 31, 2014, the date last insured. R. at 20-21.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* "If someone can do light work, [the Commissioner determines] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." *Id.*

2

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on May 2, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[5] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-9, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 5-6. In particular, Plaintiff argues that the ALJ failed to follow the requirements of SSR 96-8p because she did not acknowledge the purported opinion of one of the state agency physicians that he could perform at most sedentary work. *Id.* at 6. Plaintiff further asserts that the ALJ failed to evaluate properly opinion evidence from examining and treating sources. *Id.* at 6-8. Plaintiff finally contends that the ALJ substituted her lay opinions for those of medical professionals. *Id.* at 8-9 (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 271 (4th Cir. 2017)). For the reasons discussed below, Plaintiff's arguments are unavailing.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

> medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff first contends that the ALJ gave significant weight to the opinion of Paul Reardon, M.D., a state agency physician (R. at 17), but supposedly ignored Dr. Reardon's purported opinion that he "demonstrated the maximum sustained work capability for sedentary work."[6] Pl.'s Mem. Supp. Mot. Summ. J. 6, ECF No. 14-1 (citing R. at 81). Dr. Reardon

---

[6] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although

8

opined, however, that Plaintiff had the RFC to perform light work, except that he could only stand and/or walk for four hours in an eight-hour workday and perform occasional postural maneuvers, and that he needed to avoid concentrated exposure to extreme cold, wetness, humidity, vibration, and hazards. R. at 17, 79-80. As Defendant points out, a Disability Determination Services adjudicator found that Plaintiff's exertional limitations were within or between ranges of work (R. at 81). *See* SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983) ("In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. . . . In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base."). Thus, the adjudicator used the Medical-Vocational Guidelines as a framework for deciding that Plaintiff was not disabled. *See id.* at *2 ("If the individual's exertional capacity falls between two rules which direct the same conclusion, a finding of 'Disabled' or 'Not disabled,' as appropriate, will follow."); *see also* 20 C.F.R. pt. 404, subpt. P, app. 2 §§ 201.21, 202.21. Plaintiff's argument regarding the ALJ's consideration of Dr. Reardon's opinion about his RFC thus is without merit.

---

a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

Plaintiff then maintains that the ALJ failed to evaluate properly the opinion of Bruce M. Neckritz, D.O., the consultative examiner who examined Plaintiff on October 23, 2014 (R. at 534). Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 14-1. Dr. Neckritz opined that Plaintiff's "limitations on sitting, standing, bending, and lifting make for daily difficulties for him." R. at 537. The ALJ gave "limited weight" to Dr. Neckritz's conclusion because it "does not provide any specific limitations in vocationally relevant terms and appears to just be a restatement of [Plaintiff's] subjective complaints" and because it "is not fully consistent with the record as a whole." R. at 18. The ALJ noted that evidence in the record instead showed that Plaintiff "sat comfortably; did not require the use of a cane with any regularity; was able to bend down and touch his shins; and retained 5/5 strength, normal gait, intact tandem gait, equal reflexes, and intact sensation." R. at 18. The ALJ also noted that Plaintiff "acknowledged that he could lift about 20 pounds before experiencing exacerbation in pain, indicating an ability to perform light exertional work." R at 17 (citing R. at 637-38). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. Because substantial evidence supports the ALJ's determination, Plaintiff's contention regarding the ALJ's consideration of Dr. Neckritz's opinion is unavailing. *See id.* (upholding ALJ's rejection of treating physician's opinion because record contained persuasive contradictory evidence; opinion was conclusory and based on claimant's subjective reports, and treating physician's own notes contradicted his opinion); *Culbertson v. Berryhill*, No. 5:17-CV-00130-FDW, 2018 WL 1972712, at *4 (W.D.N.C. Apr. 26, 2018) ("The records relied on by the ALJ provide substantial support for the ALJ's determination. Upon review by this Court, they show 5/5 strength in all muscles; normal reflexes, coordination, and gait; normal cranial nerves; no focal neurological symptoms,

incoordination, or weakness, and Plaintiff's representation that she does not have trouble getting around. Accordingly, Plaintiff has presented no basis for reversal or remand of the ALJ's determination. The ALJ's determination is supported by substantial evidence." (citations omitted)).

Plaintiff next argues that the ALJ failed to evaluate properly the February 5, 2015, opinion of David B. Cohen, M.D., his treating physician (R. at 285-86). Pl.'s Mem. Supp. Mot. Summ. J. 7-8, ECF No. 14-1. Dr. Cohen opined that Plaintiff "is clearly limited and disabled from a back pain and discomfort standpoint and will not be able to return as a Plumber." R. at 285.

> He is unable to tolerate bending, stooping or twisting which are positions required to carry out his job duties and responsibilities as a Plumber. His disability is progressing[,] and he is unable to sit or stand for any period of time. He is as well unable to perform sedentary work at this point. He is now almost 4 years post his lumbar revision spinal fusion surgery and has not gained improvement in his back[-]pain difficulties. This assessment was noted with his recent follow up visit on 12/23/14. Again, he is disabled from returning to any substantial work in the field in which he was trained. Unfortunately, I am unable to give a medical opinion as to whether [Plaintiff] could obtain further training to learn new skills that would enable him to perform substantial work. I expect his current condition to last more than 12 months in a row.

R. at 285. The ALJ gave "limited weight" to this opinion because it "was offered after the date last insured, which provides limited insight into functioning during the period at issue." R. at 18. The ALJ also found that Dr. Cohen's opinion was "not consistent with the record as a whole, including evidence showing that [Plaintiff] sat comfortably; did not require the use of a cane with any regularity; was able to bend down and touch his shins; and retained 5/5 strength, normal gait; intact tandem gait, equal reflexes, and intact sensation." R. at 18 (citing Dr. Cohen's treatment notes at R. at 435, 437, 445, 458, 638).

11

Although Dr. Cohen's February 2015 opinion was offered after Plaintiff's date last insured, Defendant concedes that this opinion relates to Plaintiff's visit on December 23, 2014. Def.'s Mem. Supp. Mot. Summ. J. 14 n.3, ECF No. 15-1. The ALJ thus erred in finding that it provided limited insight into Plaintiff's functioning during the relevant period. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340-42 (4th Cir. 2012). In any event, to qualify for DIB, Plaintiff must prove that he became disabled before the expiration of his insured status. *See Johnson*, 434 F.3d at 655-56.

> [I]ndividuals who apply for benefits under the [Social Security] Act after the expiration of their insured status, for a disability that prevents substantial gainful activity at the time of the application, must show that the current disability has existed continuously since some time on or before the date that their insured status lapsed.

*Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995). Here, the ALJ noted that Dr. Cohen's February 2015 opinion relating to Plaintiff's treatment in December 2014 was inconsistent with the record as a whole, including evidence in Dr. Cohen's treatment notes that Plaintiff sat comfortably in June 2011 (R. at 16, 18, 437); did not regularly use a cane in June 2011 and February 2014 (R. at 16, 18, 437, 638); was able to bend down and touch his shins in February and December 2014 (R. at 16, 18, 638-39); and retained 5/5 strength, normal gait, intact tandem gait, equal reflexes, and intact sensation in June and August 2011 (R. at 435, 437). *See Craig*, 76 F.3d at 590; *Culbertson*, 2018 WL 1972712, at *4. The ALJ also reviewed the longitudinal record that was not fully consistent with Plaintiff's allegations of debilitating deficits. R. at 15-17. Plaintiff's assertion that the ALJ impermissibly substituted her own lay opinions for those of competent medical professionals thus is unavailing. *See Ladda v. Berryhill*, 749 F. App'x 166, 172 (4th Cir. 2018) ("[T]he ALJ in this case used evidence from the record to explain his finding that [the claimant] was capable of light work. For example, the ALJ noted

that [the claimant] claimed that he could walk for only ten to fifteen minutes at a time and could not lift ten pounds, but he explained that the other evidence in the record, such as medical records and opinion evidence, did not fully substantiate these claims. The ALJ also explained the relative weight he assigned to the statements made by [the claimant], [the claimant's] treating physician, and the state agency medical consultants. The ALJ provided a sufficiently thorough discussion for us to agree that his conclusion that [the claimant] was limited to light work was supported by substantial evidence."); *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (noting that ALJ's determination as to weight assigned to medical opinion generally will not be disturbed absent some indication that ALJ dredged up specious inconsistencies or failed to give sufficient reason for weight afforded opinion). Because substantial evidence supports the weight given by the ALJ to Dr. Cohen's opinion, Plaintiff's argument that the ALJ erred in her consideration of the doctor's opinion is also without merit.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: July 25, 2019             /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge